## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **WILLIAM HINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.:** |
| **EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC, TRANS UNION,** ) | |
| **LLC, EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC.,** ) | |
| **AND KIA MOTORS FINANCE** ) | |
| ) | |
| **Defendants.** ) | |

### Complaint for Damages

Plaintiff William Hinson ("Plaintiff") was the victim of identity theft. Someone, using his information, opened an account to purchase a KIA automobile in California. Once he discovered this, Plaintiff set about getting this tradeline removed from his credit report and reporting the obvious fraud. Sadly, even with counsel, he was unable to get any satisfaction.

Left with no other recourse, he now files his Complaint for Damages against the Defendants Equifax Information Services, LLC, Trans Union Corporation, Experian Information Solutions, Inc. and Kia Motors Finance under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), to obtain statutory, actual, and punitive damages, costs and attorney's fees for Defendants' violation of the FCRA.

## Jurisdiction

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This Court has subject matter jurisdiction of claims arising under the FCRA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3.      This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5.      Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and Defendants all regularly do business with individuals and entities residing in this District.

## Parties

6.      Plaintiff is a natural person residing in Cochran, Georgia, which is located in Bleckley County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.     Defendant Equifax Information Services LLC ("Equifax") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8.     Summons and Complaint may be served on Equifax by service on its registered agent for service of process in Georgia, Lisa Stockard at 1550 Peachtree Street NW, Atlanta, GA 30309, or wherever they may be found.

9.     Defendant Trans Union LLC ("Trans Union") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10.    Summons and Complaint may be served on Trans Union by service on its registered agent for service of process in Georgia, Prentice-Hall Corporation Syst 40 Technology Parkway South No. 300, Norcross, GA, 30092, USA, or wherever they may be found.

11.    Defendant Experian Information Solutions, Inc. ("Experian") is a credit bureau doing business in Georgia and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

12.    Summons and Complaint may be served on Equifax by service on its registered agent for service of process in Georgia, CT Corporation System 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

13.     Defendant KIA Motors Finance ("KIA") is a national financial institution operating under Hyundai Capital America (Inc.) and actively doing business in Georgia and is a "furnisher" as that term is defined by 15 U.S.C. § 1681s-2.

14.     Summons and Complaint may be served on KIA by service on its National Registered Agents, Inc. 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

## Facts

15.     Plaintiff is a resident of Bleckley County, Georgia and has never been to California.

16.     Plaintiff has never been to the State of California.

17.     Plaintiff has never purchased a KIA automobile or entered into a loan agreement with KIA or any related entity.

18.     In the Fall of 2019, Plaintiff discovered there were two entries on his credit reports which were inaccurate: an account with KIA and an account with Comenity Bank for a Victoria's Secret card.

19.     Plaintiff discovered this entry on his credit report when he was speaking to a local lender regarding his finances and a potential mortgage.

20.     Plaintiff contacted both KIA and Comenity Bank to dispute the accounts as he had not opened either.

21.    Plaintiff learned from KIA the account KIA alleged he owed was the result of an automobile purchase in California.

22.    Plaintiff informed KIA he had not made any such purchase.

23.    Plaintiff also spoke with an investigator with the Bleckley County Sheriff's Department regarding this incident.

24.    Plaintiff spoke with several representatives of KIA regarding this disputed account to no avail.

25.    KIA was specifically reporting Plaintiff owed a past due balance of $31,594.00 for a charged off account.

26.    KIA reported Plaintiff had a past due balance on his loan with the other Defendants.

27.    The information KIA reported to the other Defendants was false, misleading, deceptive, and otherwise inaccurate.

28.    The information reported by KIA was demonstrably false because Plaintiff's credit file and consumer report would show the KIA tradeline was suspicious as it was opened in California and there were no payments made on the account.

29.    Because of KIA's reporting of false, misleading, deceptive, and otherwise inaccurate information, Plaintiff sent a dispute to Equifax, Trans Union, Experian, and KIA on April 7, 2020.

30.     Plaintiff's dispute was received by each of the Defendants.

31.     With Plaintiff's dispute, he explained the issue and what that he had never lived in California or made any such purchase.

32.     Defendants Equifax, Trans Union, and Experian notified KIA of Plaintiff's dispute.

33.     Alternatively, Defendants Equifax, Trans Union, and Experian did not notify KIA of Plaintiff's dispute.

34.     Plaintiff received investigation results from Defendants Equifax, Trans Union, and Experian, which did not change any of the reporting other than to show Plaintiff disputed the accounts associated with the account.

35.     Plaintiff also sent a dispute regarding the Comenity Bank account which was not his – this account was removed after a second dispute was sent by Plaintiff's counsel.

36.     Defendants Equifax, Trans Union, and Experian continued to list the KIA account as an adverse account or otherwise indicate the account was delinquent despite Plaintiff's proof otherwise.

37.     KIA did not provide a meaningful response to Plaintiff's dispute letter.

38.     Through counsel, Plaintiff submitted a second dispute which was received by all Defendants and which asserted Plaintiff was not responsible for the KIA account because it was opened by someone else in another state.

39.    Thankfully, Comenity Bank reviewed the dispute letter sent by counsel and removed the account from his credit reports.

40.    KIA's credit reporting is misleading, false, and deceptive because Plaintiff did not open the alleged account and is not obligated to pay toward such an account.

41.    Defendants Equifax, Trans Union, and Experian did not conduct a proper or adequate reinvestigation, but simply parroted information furnished to them by KIA. Instead of conducting an adequate investigation, they simply noted the account was disputed and left it on his report after the dispute from counsel.

42.    All Defendants have caused Plaintiff's credit file and consumer reports to be marred by false and misleading information rendering those reports inaccurate through their willful and/or negligent acts and omissions.

43.    As a result of the inaccurate reporting by Defendants regarding this debt, Plaintiff has been unable to obtain credit, his credit score has plummeted, and has otherwise suffered economic harm. Specifically, Plaintiffs has been informed by a local lender he cannot apply for a mortgage and has been unable to utilize his credit to purchase other consumer goods such as a motor vehicle. This has caused Plaintiff and his family stress, anxiety, and caused Plaintiff harm. Plaintiff has also been concerned about the potential negative impact of his credit with respect to his employment.

44.    Through these actions, KIA has shown a conscious disregard for Plaintiff and engaged in unreasonable bill collection procedures by attempting to force Plaintiff to pay for a debt he does not owe.

## Causes of Action

### Count I – Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681e(b) and 1681i
### (EQUIFAX, TRANS UNION, and EXPERIAN)

45.    Plaintiff provided two disputes to Defendants Equifax, Trans Union, and Experian providing them with sufficient information to remove the KIA entry from Plaintiff's reports.

46.    Indeed, the same information was provided regarding the Comenity Bank account and it was removed from Plaintiff's reports.

47.    Defendants Equifax, Trans Union, and Experian's "doubling down" on including the KIA account is evidence of these Defendants preparing consumer reports about Plaintiff containing inaccurate information regarding the KIA account.

48.    Defendants Equifax, Trans Union, and Experian all maintained sufficient information, some of which was supplied by Plaintiff and/or his counsel, to conclude the KIA account should not have been reported on Plaintiff's credit report.

49.     Defendants Equifax, Trans Union, and Experian all have failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and Plaintiff's consumer reports by the actions alleged herein.

50.     Defendants Equifax, Trans Union, and Experian all have failed to conduct reasonable investigations into plaintiff's disputes regarding the alleged KIA account and tradeline and failed to comply in processing Plaintiff's disputes.

51.     Defendants Equifax, Trans Union, and Experian willfully and/or negligently violated 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681c by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

52.     Defendants Equifax, Trans Union, and Experian willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete information in Plaintiff's file.

53.     As a result of Defendants Equifax, Trans Union, and Experian's violations of 15 U.S.C. §§ 1681e(b), 1681c and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o along with his costs and attorneys' fees.

54.     Defendants Equifax, Trans Union, and Experian's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

## Count II – Violations of the Fair Credit Reporting Act
## 15 U.S.C. §§ 1681s-2(b)
## (KIA)

55.     KIA willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

56.     As a result of KIA's violations of 15 U.S.C. § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is there entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

57.     PHEAA's actions and missions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

58.     Plaintiff is entitled to recover costs and attorneys' fees from PHEAA pursuant to 15 U.S.C. §§ 1681n and 1681o.

## Count III – Common Law Tort Claim
## (KIA)

59.    Plaintiff has a common law right to be free from "unreasonable bill-collection procedures, e.g., making false statements, threats, and harassing telephone calls." *Dolanson Co. v. Citizens & S. Nat'l Bank*, 242 Ga. 681, 685 (1978) *citing Blazer Financial Services of Ga. v. Stewart*, 141 Ga. App. 156 ( (1977).

60.    Defendant KIA has breached this common law right by engaging in unreasonable bill collection procedures including the reporting of a demonstrably false tradeline on Plaintiff's credit.

61.    Plaintiff has suffered damages as a result of Defendants' unreasonable bill-collection procedures and is entitled to an award of damages in an amount to be determined by a jury.

[CONTINUED ON FOLLOWING PAGE]

## Demand for a Jury Trial

62.    Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $150,000.00;

b) The award of costs and reasonable attorneys' fees in an amount to be proven at trial but in excess of $50,000.00;

c) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted December 8, 2020.

**DANIELS LAW LLC**

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854
Counsel for Plaintiff

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com